

```
FILED & JUDGMENT ENTERED
       Steven T. Salata

       August 13 2020

    Clerk, U.S. Bankruptcy Court
  Western District of North Carolina
```

J. Craig Whitley
United States Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| IN RE:<br><br>CAROL JEAN LANE,<br><br>Debtor.<br><br>JOHN W. TAYLOR, Trustee for the<br>Bankruptcy Estate of Carol Jean Lane,<br><br>Plaintiff,<br>v.<br><br>LINDA CLARK, LYNETTE YEDOWITZ<br>AND JASON YEDOWITZ,<br><br>Defendants. | ) Bankruptcy Case No. 18-30504<br>) Chapter 7<br>)<br>)<br>)<br>)<br>) Adversary Proceeding No. 20 - 3030<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER APPROVING SETTLEMENT WITH DEFENDANTS**

THIS MATTER, coming before the Court upon the Motion of John W. Taylor Trustee, to

Approve Settlement with Defendants, Linda Clark, Lynette Yedowitz and Jason Yedowitz, and it

appearing that proper notice of the Trustee's motion was served on all parties in interest and no objections

were received, based on the record, the Court finds as follows:

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334. This

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this Motion is proper in this district

pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are § 541 of

the Bankruptcy Code and Bankruptcy Rule 9019.

2.       The Debtor filed a voluntary bankruptcy petition on March 30, 2018, in the United States Bankruptcy Court for the Western District of North Carolina; Bankruptcy Case No. 18-30504.  John W. Taylor is the duly appointed Trustee in the Debtor's Bankruptcy Case.

3.       On March 25, 2020, the Plaintiff filed his Complaint in the above referenced Adversary Proceeding seeking to avoid a transfers totaling $95,000.00 from the Debtor to the Defendants pursuant to Bankruptcy Code Sections 548, 544 and 550.

4.       The Defendants have denied the material allegations of the Plaintiff in this Adversary Proceeding, have asserted defenses thereto, and deny liability to the Plaintiff.

5.       Subject to the approval of this Court, the parties have now negotiated a settlement in which the Defendants will pay the sum of $30,000.00 to the bankruptcy estate in exchange for a release of all claims that are asserted against the Defendants in this Adversary Proceeding.

6.       With respect to the compromise of a controversy, Bankruptcy Rule 9019(a) provides that:

> "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct."

7.       It is well established that compromises are favored in bankruptcy.  See Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3rd Cir 1996).  In approving a settlement agreement, the court need conduct neither an exhaustive investigation into the validity of, nor a mini-trial on, the merits of the claims sought to be compromised.  See United States v. Alaska Nat'l Bank (In re Walsh Constr., Inc.), 669 F.2d 1325 (9th Cir. 1982).  Rather, it is sufficient that the court find that the settlement was negotiated in good faith and is reasonable, fair and equitable.  See Martin v. Kane (In re A & C Properties), 784 F.2d 1377, 1381 (9th Cir.), cert. denied, 479 U.S. 854 (1986).

8.       Courts have identified the following factors for consideration in determining whether a proposed settlement agreement is reasonable, fair and equitable:

> (i) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of creditors.

See In re Martin, 91 F.3d at 393 (3rd Cir. 1996) (citing Protective Comm. For Indep. Stockholders

of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-25, 88 S. Ct. 1157, 1163-64 (1968)); In re

Louise's Inc., 211 B.R. 798 (D. Del. 1997).

9.      The consideration of the above factors does not require the court to decide the questions

of law and fact raised in the controversies to be settled, or to determine whether the settlement presented

is the best one that could possibly have been achieved.  Rather, the court need only canvass the issues to

determine whether the settlement falls "below the lowest point in the zone of reasonableness."  Newman

v. Stein, 464 F.2d 689, 698 (2nd Cir.), cert. denied sub nom. Benson v. Newman, 409 U.S. 1039 (1972);

see also Anaconda-Ericsson, Inc v. Hassen (In re Teltronics Serv., Inc.), 762 F.2d 185, 189 (2d Cir.

1985); Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2nd Cir.), cert. denied, 464 U.S. 822

(1983).  Finally, although the court should "give deference to the reasonable views of creditors, objections

do not rule.  It is well established that compromises are favored in bankruptcy." In re Lee Way Holding

Co., 120 B.R. 881, 891 (Bankr. S. D. Ohio 1990).

10.     The Trustee's counsel has evaluated the claims and defenses raised by the parties and

determined that the best interest of the bankruptcy estates are served by these matters settling as set forth

herein. The Trustee entered into the agreement in order to avoid the uncertainties and costs of litigating

the matters relating to the Adversary Proceeding.

11.     The Court finds that the settlement as set forth above is in the best interest of the

bankruptcy estate and all creditors, and is reasonable, fair, and equitable.

NOW THEREFORE, IT IS HEREBY ORDERED that the Trustee's motion to approve settlement

with Defendants Linda Clark, Lynette Yedowitz and Jason Yedowitz is GRANTED, and the Trustee is

hereby authorized to settle with the Defendants as set forth above.

This Order has been signed electronically.                    United States Bankruptcy Court
The judge's signature and court's seal
appear at the top of the Order.